IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| TERESA KNIGHT, | : |
| Petitioner, | : |
| | : NO. 3:23-CV-00117-CDL-CHW |
| VS. | : |
| WALTON COUNTY JAIL, | : |
| Respondent. | : |

## ORDER

*Pro se* Petitioner Teresa Knight, a pre-trial detainee at the Walton County Jail in Monroe, Georgia has filed a petition for federal habeas corpus relief. ECF No. 1. However, Petitioner did not pay the $5.00 filing fee or request leave to proceed without the prepayment of the fee. Petitioner must address this filing fee. If Petitioner receives funds while incarcerated, then she will be required to pay the $5.00 fee. If Petitioner is in fact indigent and intends to request leave to proceed *in forma pauperis*, then she is advised that a prisoner proceeding *in forma pauperis* must submit (1) an affidavit in support of her claim of indigence and (2) "a certified copy of [her] trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(1)-(2). Accordingly, Petitioner shall have **FOURTEEN (14) DAYS** from the date shown on this Order to pay the required $5.00 filing fee or if indigent, file a proper motion to proceed *in forma pauperis* along with the statutory supporting documents.

Furthermore, Petitioner's application was filed on a standard form for relief under 28 U.S.C. § 2254. Section 2254 only provides a habeas remedy for persons held "in custody pursuant to the judgment of a State court…." 28 U.S.C. § 2254(a). Because Petitioner indicates she is a pretrial detainee and thus not in custody pursuant to a state court judgment or conviction, she may not seek relief under § 2254. She may only seek federal habeas relief pursuant to 28 U.S.C. § 2241, which provides a remedy for a person held in violation of "the Constitution, laws, or treaties of the United States," including those who have not yet been convicted of a crime and are, therefore, not held under a "state court judgment." *See Thomas v. Crosby*, 371 F.3d 782, 786 (11th Cir. 2004); *Medberry v. Crosby*, 351 F.3d 1049, 1060 (11th Cir. 2003).

Lastly, it is unclear whether Petitioner has fully exhausted her state court remedies prior to pursuing federal habeas relief. The exhaustion requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights". *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). Accordingly, Petitioner is hereby advised that she must demonstrate to this Court that she has exhausted all available state remedies before an application for habeas corpus may go forward in federal court. *See* 28 U.S.C. § 2254(b); *Thomas*, 371 F.3d at 786 (explaining that "[a]mong the most fundamental common law requirements of § 2241 is that petitioners must first exhaust their state court remedies"); *Skinner v. Wiley,* 355 F.3d 1293, 1295 (11th Cir. 2004) (holding that administrative exhaustion is required "in all habeas cases," including those brought under §2241); *Braden v. 30th Judicial Cir. Ct. of Ky.,* 410 U.S. 484, 489-92 (1973) (addressing issue raised in

§2241 petition only after concluding the petitioner, a pretrial detainee, exhausted all available state court remedies for consideration of his constitutional claim).

Thus, Petitioner is **ORDERED** to recast her Petition on the Court's standard form for § 2241 civil actions and specifically address the efforts she has made to exhaust her administrative remedies in this case including but not limited to any state court appeals.[1] If Petitioner has not yet exhausted her state remedies, she should notify the Court to such, and this action will be dismissed without prejudice to allow for state court exhaustion. *See Gore*, 720 F.3d at 815 (citing *Rose v. Lundy*, 455 U.S. 509, 519–20 (1982)).

In sum, Petitioner shall have **FOURTEEN (14) DAYS** from the date shown on this Order to (1) pay the required $5.00 filing fee or if indigent, submit a motion for leave to proceed *in forma pauperis*; and (2) recast her Petition on the Court's standard form to include detailed information regarding her attempts to address her claims through the Georgia state courts.

The Clerk is **DIRECTED** to mail Petitioner the standard § 2241 petition form along with a copy of the standard motion to proceed without prepayment of fees affidavit and account certification form, marked with the case number for the above-captioned action.

---

[1] Petitioner is advised that she can pursue the filing of a petition for writ of habeas corpus in the Georgia state courts concerning her pretrial incarceration. *See Mullinax v. State*, 271 Ga. 112 (1999); *Hughes v. Coursey*, No. CV 110-077, 2010 U. S. Dist. LEXIS 86078 At *4-*5 (S.D. Ga, July 27, 2010) (citing *Mullinax*, 271 Ga. at 112 and *Bozzuto v. State*, 276 Ga. App. 614 (2005)) ("In Georgia, the proper method for challenging pre-trial detention . . . is a state petition for writ of habeas corpus"). Petitioner is also hereby advised that she may also challenge her bond proceedings claims through the state courts and of the state appeal procedures set forth in O.C.G.A. § 5–6–34(b). *See also Mullinax*, 271 Ga. at 112 (citing *Howard v. State*, 194 Ga.App. 857 (1990)).

Petitioner must keep the Court advised of any change of address.  **Failure to fully and timely comply with this Order may result in the dismissal of Petitioner's application.** There will be no service of process in this case until further order of the Court.

**SO ORDERED**, this 9th day of November, 2023.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge
